UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61172-CIV-COHN

SILVIA TERESA OSORIO,

     Plaintiff,

     vs.

NORTH BROWARD HOSPITAL DISTRICT
CORPORATE HEADQUARTERS/IMPERIAL POINT
MEDICAL CENTER and MARTA A. CAVACHE,

     Defendants.

_____/

## ORDER DISMISSING COMPLAINT

_____THIS CAUSE is before the Court upon filing of the Complaint [DE 1] and Motion

to Proceed In Without Prepayment of Fees Forma Pauperis [DE 2].  The Court has

carefully considered the complaint and accompanying exhibits and is otherwise fully

advised in the premises.

Although Plaintiff is not presently incarcerated, because she seeks *in forma

pauperis* status, the Court must review her complaint pursuant to 28 U.S.C.

§ 1915(e)(2) to determine whether it states a claim.

I.  BACKGROUND

Plaintiff Silvia Teresa Osorio ("Plaintiff") alleges that she went to the emergency

room at Imperial Point Medical Center with excruciating stomach pains and symptoms

of food poisoning.  After being at the hospital for 24 hours and receiving only an

injection of some kind, Plaintiff alleges she was subject to the "Baker Act" and

transferred to the psychiatric ward.[1]  Plaintiff requested her release in writing the next day and repeatedly requested to speak with Defendant Mary Cavache, the doctor in charge of her case.  Plaintiff alleges that she was administered a lot of medications which hurt her liver.   Plaintiff stated that after three days, she was still not released.  After eventually making phone calls to the Venezuelan Consulate and family friends who are doctors, she was released after a total of eight (8) days.  Plaintiff alleges that Dr. Cavache never listened to her or allowed her to speak, and "despotically discharged me to her [personal friend of Plaintiff] and literally yelling at me in a very unethical manner."  Complaint, ¶ 11.  Plaintiff also alleges that during the eight day hospitalization, she was sexually harassed by males in the psychiatric unit, while the nurses refused to pay attention to her.

Plaintiff filed this action against the hospital and Dr. Cavache for her alleged eight-day Baker Act hospitalization.  Plaintiff attempts to assert claims for discrimination in a place of public accommodation (Count I), violations of neglect under the Americans with Disabilities Act, Title III (Count II), and intentional infliction of emotional distress due to abuse and neglect of the mentally ill (Count III).

---

[1]  The Court takes judicial notice that the "Baker Act" refers to the Florida statute that allows civil and/or medical authorities to detain an individual in a hospital who appears dangerous to himself/herself or to others for up to three days without a hearing.

2

II.  DISCUSSION

Plaintiff asserts three causes of action in her Complaint.  The first cause of action is entitled "Denial of Rights § 42 U.S.C. Health Care and Welfare; Civil Rights Public Accommodations; 42 USC 2000a-2; and 42 USC 2000b-2."  This claim alleges that Defendants denied her all of her rights and held her against her will after a 72 hour Baker Act period.  Complaint, § 16.   This claim fails to state a cause of action under 42 U.S.C. § 2000a-2, which allows a civil action for discrimination based upon a violation of 42 U.S.C. §2000a and 2000a-1.[2]  These substantive provisions prohibit discrimination in public accommodations on the basis of race, color, religion and national origin.  Plaintiff has not based her claims upon any of these prohibited bases. The Court therefore concludes that Plaintiff has failed to state a claim in her first cause of action.

Plaintiff's second claim is entitled "medical and nurse neglect in violations of basic constitutional rights violations of the Americans with Disabilities Act of 1990; Public Accommodations Title III "Care Providers."  This claim alleges that Plaintiff was harassed by male patients without aid from nurses and kept illegally without a court order for five days after the 72 hour Baker Act period.  The Americans with Disabilities Act ("ADA") does mandate in Title III that place of public accommodation not discriminate against anyone on the basis of a disability.  42 U.S.C. § 12182.   Such discrimination could mean denial of participation in a program, a failure to make

_____

[2]  Plaintiff's reference to 42 U.S.C. §2000b-2 is unhelpful to her as that provision only concerns actions brought by the Attorney General of the United States.

3

reasonable accommodations, or a failure to remove physical barriers to access to facilities for those who have a disability.  Plaintiff does not allege any physical disability.   A "disability" is defined as A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; B) a record of such impairment; or C) being regarded as having such an impairment.  42 U.S.C. § 12102(2).   The only disability that Plaintiff could invoke is that of a mental illness.[3] However, Plaintiff has not alleged any denial of access at the hospital.  In fact, Plaintiff asserts just the opposite  -- that the hospital did not let her leave.  The Court therefore concludes that Plaintiff has failed to state a claim under Title III of the ADA.[4]

Plaintiff's third claim invokes the state common law tort of intentional infliction of emotional distress.  This claim does not arise under federal law, but is rather a state law claim brought by a Florida citizen against Florida defendants.  As such, the complaint does not state a claim for which there is federal jurisdiction.

---

[3] Although not contained in her complaint, the exhibits attached to the complaint contain a letter from Plaintiff (referred to in her complaint) that she does have a diagnosis of bipolar disorder.

[4] To the extent Plaintiff is suing over wrongful implementation of the Baker Act, or alleging that persons with mental illness disabilities are discriminated against under the Baker Act, such causes of action are not brought under the ADA, but rather could be any number of Florida common law torts.  Such claims should be brought in state court.

4

### III.  CONCLUSION

The Court concludes that Plaintiff's first two causes of action do not state a claim under federal law.  The third cause of action (and perhaps even the second cause of action if it is alleging negligence) do not invoke federal question jurisdiction nor federal diversity jurisdiction, but are properly brought in state court.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The first two causes of action in the Complaint are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim;

2.      The third cause of action is **DISMISSED** for lack of subject matter jurisdiction;

3.      The time that this case was pending in this Court is hereby tolled for purposes of any state law statute of limitations;

4.      The Clerk may close this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day October, 2009.

JAMES I. COHN
United States District Judge

copies to:

Silvia T. Osorio
2161 NE 1st Avenue (Rear)
Pompano Beach, FL 33060

5